**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1625
_____

ERICA GALVAZ-DELLACRUZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-241-252)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2012

Before:  FISHER, WEIS and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 10, 2012)
_____

OPINION
_____

PER CURIAM.

        Erica Galvaz-Dellacruz petitions for review of the Board of Immigration Appeals'

("BIA") order affirming the decision of the Immigration Judge ("IJ") denying

withholding of removal and relief under the Convention Against Torture ("CAT").  For

the following reasons, we will deny the petition for review.

Galvaz-Dellacruz, a native and citizen of Peru, last entered the United States in September 1997. She was placed in removal proceedings in April 2008, with charges under INA § 212(a)(6), 8 U.S.C. § 1182(a)(6), as an alien present in the United States without being admitted. As relief from removal, she applied for withholding of removal and relief under CAT, and, in the alternative, voluntary departure.[1]

At a hearing before an IJ, Galvaz-Dellacruz testified that, during the years 1985 through 1990, there were a number of attacks in Peru by the terrorist group, the Movimiento Revolucionario Tupac Amaru ("MRTA"). During one of the attacks in 1989, the MRTA killed the governor of Tapo, a town in Peru. Galvaz-Dellacruz testified that the MRTA was after her father because he served as the lieutenant governor of Tapo during that period. She also stated that due to their fear of the MRTA, in 1990, her parents fled Peru and gave her up for adoption to her grandparents. Galvaz-Dellacruz claimed that her grandparents later sent her to the United States due to the fear of terrorists. She stated she was afraid to return to Peru because the MRTA is still active and she believes that she would be targeted due to her father's former position as lieutenant governor.

Although the IJ found that Galvaz-Dellacruz's testimony was credible, the IJ denied Galvaz-Dellacruz's requests for withholding of removal and CAT relief. The IJ

---

[1] Galvaz-Dellacruz initially applied for cancellation of removal, but was not statutorily eligible pursuant to INA § 240A(b), 8 U.S.C. § 1229b(b).

granted voluntary departure upon posting bond. Galvaz-Dellacruz appealed to the BIA, which dismissed the appeal for essentially the reasons set forth in the IJ's decision. The BIA concluded that Galvaz-Dellacruz failed to demonstrate past persecution because she was never physically harmed in Peru. She failed to demonstrate a clear probability of persecution because the Country Report did not support a finding that the MRTA is an ongoing, active terrorist group in Peru. For the same reasons, the BIA also found Galvaz-Dellacruz failed to establish that it is more likely than not that she will be tortured if she returns to Peru. Because Galvaz-Dellacruz failed to post bond, the BIA did not reinstate her voluntary departure period and ordered her removed from the United States to Peru. Galvaz-Dellacruz then filed a petition for review.

We have jurisdiction under INA § 242(a), 8 U.S.C. § 1252(a)(1). Where the BIA issues a decision on the merits, we review only the BIA's decision. However, we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We "will uphold the findings of the BIA to the extent that they are supported by reasonable, substantial[,] and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). Our review of legal conclusions is de novo, subject to principles of deference. Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010).

To obtain withholding of removal, Galvaz-Dellacruz must demonstrate that it is

3

more likely than not that she will face persecution if she is removed to Peru based on her race, religion, nationality, membership in a particular social group, or political opinion. See INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); Miah v. Ashcroft, 346 F.3d 434, 438-39 (3d Cir. 2003). To make this showing, Galvaz-Dellacruz must demonstrate either past persecution or a likelihood of future persecution. See 8 C.F.R. § 1208.16(b). A future-persecution claim requires the applicant to demonstrate a subjective fear of persecution and that the fear is objectively reasonable. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). The objective prong requires an applicant to demonstrate that (1) she would be "individually singled out for . . . persecution" or (2) "there is a pattern or practice" of persecuting similarly situated individuals. Id. Persecution does not include all acts that our society regards as unfair, unjust, unlawful, or unconstitutional. Rather, persecution is defined as "extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin v. Immigration & Naturalization Servs., 12 F.3d 1233, 1240 (3d Cir. 1993)). To obtain CAT relief, Galvaz-Dellacruz must show that it is more likely than not that she will be tortured if removed to Peru. See 8 C.F.R. § 1208.16(c)(2). For an act to constitute torture under the CAT, it must cause severe physical or mental pain or suffering. Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005).

Galvaz-Dellacruz asserts that the BIA erred because there was sufficient evidence to conclude that it is more likely than not that she will face persecution if removed to

4

Peru based on her testimony and corroborating documents.[2] We disagree. A reasonable factfinder would not be compelled to find that Galvaz-Dellacruz had suffered past persecution or is likely to suffer persecution if removed to Peru. While she correctly notes that physical harm is not a prerequisite to a finding of persecution, see Li v. Att'y Gen., 400 F.3d 157, 166 (3d Cir. 2005), Galvaz-Dellacruz has not demonstrated that the MRTA's behavior constituted a threat to her life or freedom, see Ahmed, 341 F.3d at 217. Her testimony and corroborating documents focus on events from 1985 through 1990, and the Country Report does not support a finding that the MRTA is an ongoing, active terrorist group in Peru. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (citing Kayembe, 334 F.3d at 235, for the proposition that State Department country reports are the "most appropriate" and "perhaps best resource on country conditions"). Moreover, her grandmother indicated in a letter that Galvaz-Dellacruz was sent to the United States for economic reasons, not for fear of persecution. See R. 149-50. Thus, Galvaz-Dellacruz's fear of future persecution is not objectively reasonable. We, therefore, conclude that substantial evidence supports the BIA's conclusion that Galvaz-Dellacruz has failed to show that it is more likely than not that she will face persecution if she is removed to Peru.

The BIA's rejection of Galvaz-Dellacruz's CAT claim also finds substantial support. Galvaz-Dellacruz presents her testimony and corroborating documents that

---

[2] Galvaz-Dellacruz notes that her corroborating documents include a letter from her grandmother that stated that in 1989 her grandmother cared for her because her father had been threatened by terrorists.

discuss her father's governmental position and the MRTA's activities from 1985 through 1990. For the reasons stated above, this evidence also fails to demonstrate that it is more likely that not that she would be tortured if removed to Peru.

Accordingly, we will deny the petition for review.